# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 23-1602V

| | |
|---|---|
| DELONDA GILES,<br><br>                Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: July 2, 2025 |

*Maximillian J. Muller*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Mary Eileen Holmes*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On September 15, 2023, Delonda Giles filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration following an influenza vaccine she received on October 21, 2022. Petition, ECF No. 1. On March 7, 2025, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 24.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $18,304.95 (representing $17,791.40 in fees plus $513.55 in costs). Application for Attorneys' Fees and Costs ("Motion") filed May 5, 2025, ECF No. 28. Furthermore, counsel for Petitioner represents that Petitioner incurred no personal out-of-pocket expenses. ECF No. 28 at 2.

Respondent reacted to the motion on May 14, 2025, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. Motion at 2-4, ECF No. 29. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's request. The rates requested for work performed through the end of 2024 are reasonable and consistent with our prior determinations and will therefore be adopted. However, I find a minor reduction in the amount of fees to be awarded appropriate, for the reasons stated below.

The billing records reveal several entries billed for tasks considered administrative in nature.[3] Billing for administrative tasks is not permitted in the Vaccine Program. See *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989) (noting that tasks "primarily of a secretarial and clerical nature ... should be considered as normal overhead office costs included within the attorneys' fee rates."). Tasks that are "purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them." *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989). Attorneys, thus, may not separately charge for clerical or secretarial work because those charges are overhead for which the hourly rate accounts. See *Bennett v. Dep't of Navy*, 699 F.2d 1140, 1145 n.5 (Fed. Cir. 1983). See also *Floyd v. Sec'y of Health & Human Servs.*, No. 13-556V, 2017 WL 1344623, at *5 (Fed. Cl. Spec. Mstr. Mar. 2, 2017); (stating that secretarial tasks include "scheduling status conferences, organizing exhibits, preparing compact discs, revising a short motion after an attorney's review, and filing documents through the CM/ECF system"); *Silver v. Sec'y of Health & Human Servs.*, No. 16-1019V, 2018 U.S. Claims LEXIS 1058, at *15 (Fed. Cl. Spec. Mstr. July 31, 2018) (noting that "'receiv[ing], review[ing,] and process[ing]' records and court orders, and noting deadlines, are all clerical tasks."). Accordingly, fees incurred for such tasks will not be reimbursed. Application of the foregoing reduces the amount of fees to be awarded by **$187.90**.

---

[3] See billing entries dated: 9/15/2023, 10/18/2023 (two entries), 10/20/2023, 3/18/2024, 7/29/2024, 9/13/2024, 12/2/2024, 2/26/2025, 4/10/2025. ECF No. 28 at 5 to 15, totaling $187.90 in fees claimed for administrative tasks.

Petitioner has otherwise provided supporting documentation for all claimed costs. ECF No. 28 at 17-23. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $18,117.05 (representing $17,603.50 in fees plus $513.55 in costs in costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.